UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KEANU HIBBERT,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                  1:23-CV-07538(OEM)(TAM)

    -against-

CAPITAL ONE AUTO FINANCE,

                Defendant.
------------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

For the reasons that follow, the Court *sua sponte* concludes it lacks subject matter jurisdiction over this case, and this action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

## BACKGROUND

On September 10, 2023, plaintiff Keanu Hibbert ("Hibbert" or "Plaintiff") initiated this action by filing an Affidavit of Service of Summons and an Endorsed Complaint in the Civil Court of the City of New York, County of Queens. Affidavit of Service of Summons with Endorsed Complaint ("Complaint" or "Compl."), ECF 1-2, at 1. On October 10, 2023, defendant Capital One Auto Finance ("Capital One" or "Defendant") removed the action to the United States District Court for the Eastern District of New York. Defendant's Notice of Removal , ECF 1 at 2-3. Plaintiff brings nine claims under the Fair Debt Collections Practices Act ("FDCPA" or "15 U.S.C. § 1692") and seeks "additional assessed damages" of emotional distress, defamation of character, and other unseen injuries. Compl. at 2, 7. In contravention to Rule 8, Plaintiff does not provide "a short and plain statement of the claim showing that [he] is entitled to relief." Rule 8(a)(2); *see*

1

*generally* Compl. Rather, the Complaint is comprised of both (1) screenshots of emails[1] Plaintiff received from Capital One from December 10-19, 2021, at between 11:55 a.m.–12:49 p.m. (collectively "the Emails") and (2) a Bill of Particulars which is a notarized invoice to Capital One Auto Finance and Plaintiff's only statement of injury. Compl. at 2, 7. Plaintiff seeks $500 for each alleged violation of 15 U.S.C. § 1692, the Fair Debt Collections Practices Act, sections (a)-(h) and (j), and $500 for each of Plaintiff's additional assessed damages including emotional distress, defamation of character, and other unseen injuries. Compl. at 2, 7. Plaintiff seeks total damages of $5,500.08, including tax. *Id.*

On January 4, 2024, Defendant Capital One moved to dismiss this action for failure to state a claim. Defendant's Notice of Motion, ECF 6. Defendant's Motion stands unopposed.

## LEGAL STANDARD

Courts should construe *pro se* complaints liberally. *Weinstein v. Albright,* 261 F.3d 127, 132 (2d Cir. 2001); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) ("Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude[.]'")(internal citations omitted); *see also Hughes v. Rowe,* 449 US 5, 9 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972) ("[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" (internal citations omitted))); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). However, "[a] *pro se* plaintiff's 'bald assertions and conclusions of law are not adequate to withstand a motion to dismiss.'" *Hafen v. U.S. Customs & Borders Prot.*, 22-CV-5345 (AMD) (LGD), 2024 U.S. Dist. LEXIS 51642, at *8 (E.D.N.Y. Mar. 22, 2024).

---

[1] It is unclear from the Complaint whether Plaintiff included a screenshot of one email from Friday, December 10, 2021, at 11:57 a.m., three times or whether Plaintiff received three identical emails from Capital One at that date and time. *See* Compl. at 3, 5-6. Additionally, one of the emails attached was unintelligible. *See* Compl. at 4.

2

Pursuant to Federal Rule of Civil Procedure 12(h)(3), a district court has the inherent power to dismiss a case, *sua sponte*, if it determines the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3). "Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction." *Neary v. Driscoll*, 2:24-CV-00736 (NJC) (ST), 2024 U.S. Dist. LEXIS 72009, at *7 (E.D.N.Y. Apr. 19, 2024); *see also Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024). Therefore, the Court has no power to address the merits of a claim if it lacks subject matter jurisdiction over the claim. *See El Bey v. Hilton*, 15-CV-3188 (ENV) (VMS), 2017 WL 3842596, at *3 (E.D.N.Y. Sept. 1, 2017) ("Because the Court has no power to address the merits of a case in the absence of subject matter jurisdiction over it, a challenge to jurisdiction must be resolved before reaching any other challenge."); *See also Polera v. Bd. of Educ.*, 288 F.3d 478, 481 (2d Cir. 2002) ("Until we determine whether the District Court properly exercised subject matter jurisdiction ..., we cannot address the merits ...").

## DISCUSSION

Federal courts are courts of limited jurisdiction as Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (quoting U.S. Const. art. II, § 2). "The doctrine of standing is one of several doctrines that reflect this fundamental limitation." *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009). Without standing a court is without subject matter jurisdiction and the case must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Even where parties do not raise the issue, the "Court has 'an independent obligation to assure that standing exists, regardless of whether it is

challenged by any of the parties.'" *Darwin v. Mun. Credit Union*, 21-CV-1240 (WFK) (TAM), 2022 WL 4273697, at *1 (E.D.N.Y. Sep. 15, 2022) (quoting *Summers*, 555 U.S. at 499).

Standing "consists of three 'irreducible' elements:" causation, redressability, and injury-in-fact. *Plante v. Dake*, 621 Fed. Appx. 67, 69 (2d Cir. 2015). "Thus, a plaintiff must … have suffered an injury-in-fact in order to have standing under Article III of the Constitution." *Id.*; *Darwin,* 2022 WL 4273697, at *1 (citing *TransUnion,* 594 U.S. at 423) ("Where a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and federal courts lack jurisdiction to entertain their claims."). Injury-in-fact is a "concrete and particularized" harm that is "actual or imminent, not conjectural or hypothetical" to a litigant's "legally protected interest." *Plante*, 621 Fed. Appx. at 69; *W. R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100) (An injury is particularized when it "affect[s] the plaintiff in a personal and individual way.").

At the pleading stage, a plaintiff "bears the burden of alleging facts that affirmatively and plausibly suggest that [he] has standing to sue." *Calcano v. Swarovski N. Am. Ltd.,* 36 F.4th 68, 75 (2d Cir. 2022) (internal quotation marks and citation omitted). Ultimately, a party that seeks to invoke a federal court's authority must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Baker v. Carr,* 369 U.S. 186, 204 (1962). Additionally, "an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion,* 594 U.S. at 427 (emphasis added); *see also Harty v. W. Point Realty, Inc*., 28 F.4th 435, 443 (2d Cir. 2022) ("[T]he Supreme Court clarified that a plaintiff has standing to bring a claim for monetary damages following a statutory violation only when he can show a current or past harm beyond the statutory violation itself." (*citing TransUnion*, 141 S. Ct. at 2204-07)). The Supreme Court has "explained that whether a

4

harm qualifies as 'concrete' hinges on 'whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts.'" *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *TransUnion,* 141 S. Ct. at 2204 (internal citations and quotation marks omitted)); *see Steinmetz v. Allied Interstate, LLC*, 21-CV-5059 (AMD) (RER), 2022 WL 2716338, at *2 (E.D.N.Y. July 12, 2022). "Because standing is a 'threshold matter' in determining whether the district court [has] jurisdiction to hear and decide this case, [the Court] address[es] standing at the outset of [its] analysis." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (quoting *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 44 (2d Cir. 2015)).

Here, Plaintiff fails to establish both the causation and injury-in-fact elements of standing. First, the Complaint's factual allegations as to the FDCPA claims – as far as they can be construed from what was submitted to the Court – are sparse with only a single reference to the statute. *See generally* Compl. Absent are any facts as to how Defendants purportedly violated that statute, or how Plaintiff suffered any recognized particularized or concrete injury by any purported violation of FDCPA. *See Whyte v. Bayview Loan Servicing, LLC*, 21-CV-3301 (PKC) (LB), 2022 WL 4484664, at *7, 9 (E.D.N.Y. Sep. 27, 2022) (finding plaintiffs failed to meet their burden to prove subject matter jurisdiction where their "factual allegations for the FDCPA claim [were] only a single reference to the statute and no allegations on how Defendants purportedly violated that statute, or even what the resulting damage was" and granting defendants' motion to dismiss the complaint for lack of subject matter jurisdiction). The only place where a possible allegation of a cognizable injury might be found is in Plaintiff's Bill of Particulars. Compl. at 2, 7. Plaintiff claims he suffered "Emotion [sic] distress, Defamation of character, other unseen injuries[.]" *Id*. However, plaintiff fails to allege any facts showing that such injuries are "fairly traceable to the

[defendants] purported activities" and thus "does not give rise to standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013).

Second, "[e]ven assuming this assertion is attributable to the claimed violations of the FDCPA, this statement lacks the requisite specificity to establish injury in fact … Plaintiff provides no detail, in any submission filed in this action, describing any emotional or other injury, and provides no detail of any actions taken by Defendants." *Darwin*, 2022 WL 4273697, at *1; *see* Compl. at 2, 7. "A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing." *Maddox*, 19 F.4th at 66.

Even reading Plaintiff's *pro se* complaint liberally, the Court need not credit allegations where, as here, the "threadbare assertions are conclusory and do not raise a reasonable inference of injury." *Calcano*, 36 F.4th at 76; *see Steinmetz v. Allied Interstate*, LLC, 21-CV-5059 (AMD) (RER), 2022 WL 2716338, at *4 (E.D.N.Y. July 12, 2022); *see also Ciccone v. Cavalry Portfolio Servs., LLC,* Nos. 21-CV-2428, 21-CV 3764, 2021 WL 5591725, at *3-5 (E.D.N.Y. Nov. 29, 2021) (dismissing the plaintiffs' FDCPA claims where the plaintiffs "ha[d] not sufficiently alleged a concrete injury in fact sufficient to confer Article III standing" and where "Plaintiff does not allege … that he relied on [the wording in a collection letter] to his detriment in any way"); *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 391 (E.D.N.Y. 2022) (where "Plaintiff alleges that as a result of all the defendants' actions he 'suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial[,]'" the Court found plaintiff did not "sufficiently plead[] a concrete, particularized injury[,]" to have standing and dismissed the case for lack of subject matter jurisdiction); *c.f. Ross v. Cavalry Portfolio Servs.,*

6

*LLC*, 23-CV-1113 (KAM) (VMS), 2023 U.S. Dist. LEXIS 192621, at *6, 10-12, 2023 WL 7031932, at *2, 4 (E.D.N.Y. Oct. 26, 2023) (finding *pro se* plaintiff had standing where the complaint actually alleged that due to the Defendants actions "'she was denied credit and … suffered concrete injuries' including 'mental anxiety that has led to physical manifestations,' the necessity of taking unpaid leave from work 'due to the mental and emotional strain,' the denial of credit by Chase Bank on two separate occasions, and the creation of marital disputes related to household finances.'").

Because Plaintiff has not asserted an injury-in-fact in his Complaint sufficient to establish Article III standing, the Court dismisses this action for lack of subject matter jurisdiction. *Darwin*, 2022 U.S. Dist. LEXIS 166874, at *4-5; *See also Juliano v. Citygroup, N.A.*, 626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009) ("A district court has an unflagging duty to dismiss *sua sponte* whenever jurisdiction appears to be lacking."). Therefore, due to lack of subject matter jurisdiction in this case, this Court will not address the merits. *Berger v. L.L. Bean, Inc.*, 351 F. Supp. 3d 256, 260 (E.D.N.Y. 2018) ("[T]he Court has no power to address the merits of a case in the absence of subject matter jurisdiction[.]").

## CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to the Plaintiff.

**SO ORDERED.**

                                                                     /s/
                                        ORELIA E. MERCHANT
                                        United States District Judge

Dated: July 22, 2024
Brooklyn, New York